AMANDA HOFFMAN

*v.*

THE EXECUTORS OF AARON VAN SYCKEL, deceased.

Where a testator gives two funds to his executors to be held subject to certain trusts, but with power in his executors to terminate the trusts whenever they shall think it advisable to do so, by paying both funds to the person who is entitled to the life use thereof, and by a subsequent clause of his will directs that one of the funds shall be paid to the person entitled to the life use thereof, within one year after the same comes to the hands of his executors, unless they see that it is not for the interest of the life-tenant that they should do so, if the fund, which may be paid within one year after it comes to the hands of the executors, is not paid within that time it becomes subject, after the expiration of the year, to the trust first mentioned, and the executors may, at any subsequent time, if they think it advisable to do so, pay the fund to the life-tenant, and a payment made in the proper exercise of the discretion committed to them will terminate the trust, and discharge the executors from all liability for the fund.

On final hearing on bill and answer.

*Mr. James J. Bergen,* for complainant.

*Mr. Chester Van Syckel,* for defendants.

VAN FLEET, V. C.

The complainant seeks a decree directing the executors of her father's will to pay to her one-ninth part of his residuary estate. Her right to the decree she asks depends entirely on the construction which shall be given to her father's will. The parts of his will, which it is necessary to consider, in order to decide whether or not the complainant is entitled to the decree she asks, may, for present purposes, be stated as follows:

First. The testator gives his executors $10,500 in trust, with direction to invest the same and pay the interest thereof annually to the complainant, during her life, and the principal, on her death, to her children. In the same clause the executors are

Hoffman *v.* Van Syckel.

given power to terminate the trusts thus created, at any time, if they think it advisable to do so, by paying the whole of the principal sum to the complainant. This power is given in these words :

"I hereby authorize and empower my executors, or the survivor of them, to pay my daughter Amanda the said principal sum of $10,500, if they, or the survivor of them, shall, at any time, think it advisable to do so."

Second. The testator also gives one-ninth part of his residuary estate to his executors in trust, "for," to quote the language of the will, "my daughter Amanda, with the same terms and limitations that I have heretofore given them the sum of $10,500."

Third. The testator afterward says, with regard to the share of his residuary estate, given to his executors for the benefit of the complainant, that the same

"Shall be paid by my executors to her, within one year after the same comes to their hands, unless they see that it is for her interest that they should hold it in trust for her."

The fund of $10,500 has been paid over to the complainant. The executors have thought it advisable to terminate the trust in respect to that fund, and for that reason they, in the exercise of the authority and discretion committed to them, have paid that part of the trust moneys over to the complainant. But the executors still retain the complainant's share of the residue. They retain that, not because they think the complainant is incompetent to manage it, or incapable to take proper care of it, nor because it is not advisable to pay it to her—on the contrary, they are all now of opinion that she is fully competent to take care of it and to manage it with prudence and success—but because doubts have been suggested whether, in consequence of the fact that it was not paid over to her within the year after it came to their hands, they have not, according to the true construction of the clause of the will thirdly above epitomized, lost all right to exercise any discretion or judgment respecting its payment, and whether, in consequence of their failure to pay her within the year, her share of the residue did not, by force of this

part of the will, become subject to a trust entirely different from that under which the $10,500 were held ; in other words, subject to a trust which the executors have no power to terminate, but which imposed upon them the duty to keep the fund invested during the life of the complainant, and pay her the interest thereof, and to pay the principal to her children on her death, although they might be fully satisfied that it was advisable that the principal should be paid to her, so that she should have the absolute control thereof. This suit was brought to have these doubts dispelled.

My examination of the will has left my mind entirely free from doubt as to the meaning of the testator. The testator unquestionably meant that the $10,500 should be paid to the complainant whenever, in the judgment of his executors, it should be advisable to do so. His meaning in this respect is expressed in language so plain and simple as to exclude all ground for dispute or doubt. His words are their own expositor. Now it will be observed that one-ninth of the residue is given to the executors, for the complainant, subject to the same terms and limitations upon which the $10,500 were given, that is, with power to pay the principal whenever they shall think it advisable to do so. If the testator had said nothing more, there would have been no ground to question that both funds were held upon exactly the same terms, and that the executors would have been bound, under ordinary circumstances, to adopt the same rule of judgment with regard to one fund that they did in respect to the other, that is to say, that if they decided that it was advisable to pay one fund, the same considerations which led to that judgment in respect to one fund, would, under ordinary circumstances, have made it their duty to decide in the same way in respect to the other fund. The testator did, however, say something more respecting complainant's share of the residue. And what he said was this : that his executors should pay that to her, within one year after it came to their hands, unless they saw that it was for her interest that they should hold it in trust. As I read the testator's purpose, he intended, by this last provision, to give the complainant a better right to the payment of her share of the

residue, and also a right to an earlier payment of it, than she had
to the payment of the $10,500. Both funds, by the previous
provisions of the will, had been given to the executors, subject to
certain trusts, and subject also to a power in the executors to
terminate the trusts whenever, in their judgment, it should be
advisable to do so. But now the testator says, in the clause last
quoted, in substance, I have changed my mind somewhat as to
the time when the complainant's share of the residue should be
payable. In a previous part of my will I have directed that her
share of the residue, as well as the $10,500, should be invested,
and the interest of both funds paid to the complainant until my
executors shall deem it advisable to pay the principal sums to
her, but I now think that the terms with respect to the payment
of her share of the residue ought to be changed—that, I think
she ought to have within a year after it comes to the hands of
my executors, unless they see that it will be best for her not to
pay it to her so soon. I mean, however, that that shall be pay-
able within a year from the time it comes to their hands, unless,
during that time, reasons, in the judgment of my executors,
exist why it should not be paid, but the $10,500 are not to be
paid, until, in the judgment of my executors, it is advisable to
pay it. The difference in the terms of payment of the two funds
was this: the $10,500 were not to be paid until reasons, in the
judgment of the executors, existed in favor of its payment; but
the share of the residue was to be paid, within a year after it
came to the hands of the executors, unless reasons, in the judg-
ment of the executors, existed why it should not be paid.

So far, I think, the meaning of the testator is entirely clear.
It would seem necessarily to follow, that, as the executors did
not pay complainant's share of the residue within the year, that
fund, on the expiration of the year, became subject to exactly
the same trusts upon which the $10,500 were held. My con-
struction of the will, so far as its construction is involved in this
suit, may be stated as follows: The executors were required to
pay the complainant's share of the residue to her, within a year
after it came to their hands, unless it appeared, affirmatively, that
it would be against her interest for them to do so; and if it did

so appear, or her share of the residue was not paid to her within the year, that after the expiration of that period, it became at once subject to the same trusts exactly upon which the $10,500 were held, with like power on the part of the executors to terminate the trusts, in respect to it, that they had to terminate the trusts upon which the $10,500 were held. The executors may, in my judgment, with entire safety to themselves, pay one-ninth part of the testator's residuary estate to the complainant if they think it advisable to do so. It is their duty to pay it, if they think it is advisable to do so, and a payment made, in the proper exercise of the discretion committed to them, will discharge them from all further duty in respect to the fund, and also from all future liability for it.

The complainant is entitled to a decree, directing the executors to pay her her share of the residue, but the decree must. be so drawn as to distinctly show that the direction to pay is based on the judgment of the executors as to the advisability of the payment. The court may properly give such direction, as a means of protection to the executors, but it may well be doubted, whether, if the executors thought it was not advisable to pay, the court would not be concluded by their judgment. The case is one where, I think it is obvious, that the testator meant that the judgment of his executors should absolutely control the legatee's right to payment.